UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-330-FDW

| | |
|---|---|
| ROBERTO LAINEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, et al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Roberto Lainez's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Lainez's "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed." (Doc. No. 5.)

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who pled guilty in Haywood County Superior Court on April 5, 2010, to ten counts of statutory rape. See N.C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=list (Offender ID #1199598). The trial court sentenced Petitioner to 192-240 months imprisonment. See id. According to Petitioner, he did not file a direct appeal. (Pet. 1-2, Doc. No. 1.)

On June 6, 2016, Petitioner filed a motion for appropriate relief ("MAR") in the Haywood County Superior Court. (Pet. 2.) It was denied on August 4, 2016. (Pet. 2.) He filed a petition for writ of certiorari on August 31, 2016, in the North Carolina Court of Appeals, seeking review of the denial of his MAR; it was denied on September 12, 2016. (Pet. 2-3.)

Petitioner filed the instant habeas Petition in this Court on September 23, 2016, when he placed it in the prison mailing system. (Pet. 10.) After conducting an initial review, the Court

1

notified Petitioner that the Petition appeared to be untimely and provided him an opportunity to explain why it should not be dismissed as such. (Order, Doc. No. 4.) In response, Petitioner filed the instant "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed."

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on April 5, 2010, when Petitioner was sentenced. To the extent he retained the right to a direct appeal subsequent to his guilty plea, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal (Pet.1), Petitioner's judgement became final on or about April 19, 2010, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it fully expired on or about April 19, 2011. Although the limitations period is tolled during the pendency of a properly filed state post-conviction action, see § 2244(d)(2), Petitioner did not file his MAR in the state court until June 6, 2016, more than five years after the federal statute of limitations had expired. That MAR neither resurrected nor restarted the statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Thus, absent equitable tolling or applicability of one of the other provisions of § 2244(d)(1), Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

In his "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed," Petitioner argues the Court should consider his Petition timely under Martinez v. Ryan, 566 U.S. 1 (2012), and pursuant to the actual innocence exception to § 2244(d)(1)(D). (Doc. No. 5.) In Martinez, the Supreme Court held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default [of claims] of ineffective assistance at trial." Id. at 132 S. Ct. at 9. Contrary to Petitioner's belief, Martinez did not guarantee an inmate the right to counsel during post-conviction proceedings.

Moreover, to the extent Petitioner even raises an ineffective assistance of trial counsel

claim in his Petition, he exhausted it in the state courts. (Pet. 6-7.) Consequently, his ineffective assistance of counsel claim, to the extent he raises one, is not procedurally defaulted on federal habeas review, and Martinez has no bearing on that claim. See id.

Finally, Martinez, did not recognize a new constitutional right or make the new right retroactive in actions for collateral review. See Clark v. Davis, 850 F.3d 770, 784 (5th Cir. 2017) ("Neither Martinez nor Trevino announced a new rule of constitutional law, and neither has been made retroactive to cases on collateral review.") It, therefore, cannot serve to toll the statute of limitations under § 2244(d)(1)(C). See Lambrix v. Sec'y, Florida Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." (citations omitted)). In short, Martinez provides no basis for determining whether a habeas petition is timely.

Petitioner also contends that his Petition should be considered timely because he "is innocent of his convictions." (Doc. No. 5 at 3 ¶ 10.) In McQuiggin v. Perkins, the Supreme Court recognized a "miscarriage of justice" exception to § 2244(d)(1)(D).[1]  133 S. Ct. 1924, 1928 (2013). Under this exception, a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims on the merits notwithstanding expiration of the statute of limitations. Id. at 1931. A "credible showing of actual innocence" requires a petitioner to "persuade[ ] the district court that, in light of the new evidence, no juror, acting

---

[1] Under § 2244(d)(1)(D), the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id.

reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Here, Petitioner has not identified *any* evidence of innocence. He simply relies on a conclusory, self-serving assertion that he is innocent. As such, he comes nowhere close to demonstrating that he is entitled to have his claims reviewed on the merits under the actual innocence exception to 28 U.S.C. § 2244(d)(1)(D).

Finally, Petitioner makes no effort to explain why it took him six and a half years from his conviction to file a federal habeas petition. Thus, the statute of limitations is not subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) (Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted))).

## IV.   CONCLUSION

The Petition for Writ of Habeas Corpus is untimely under § 2244(d)(1)(A), and Petitioner is not entitled to tolling of the statute of limitations under either statutory or equitable principles.

As such, the Petition shall be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. The "Motion to Consider Petitioner's § 2254 Habeas Petition Timely Filed" (Doc. No. 5) is **DENIED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 10, 2017

Frank D. Whitney
Chief United States District Judge